UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

In re: Dial Complete Marketing          Case No. 11-md-2263-SM
and Sales Practices Litigation          ALL CASES
                                        Opinion No. 2013 DNH 176

**O R D E R**

In this consolidated, multi-district litigation, plaintiffs move for class certification, doc. no. 57, relying on the report of an expert to demonstrate common questions of fact.  See generally Fed. R. Civ. P. 23(a)(2).  Defendant Dial Corporation ("Dial") moves to exclude the opinions of plaintiffs' expert from the court's consideration on grounds that her proffered opinions cannot meet the requirements of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).  See doc. no. 85.  Plaintiffs object. On November 20, 2013, the court held a hearing on Dial's motion.

**Discussion**

Plaintiffs claim that Dial's marketing of Dial Complete, an anti-bacterial soap, employs numerous express and implicit misleading and deceptive claims, including that Dial Complete "kills 99.99% of germs," that it offers superior germ kill, and that it "will protect you from germ-caused illness better than other soaps."  Pl. Br., doc. no. 57-1, at 4-5.  Accordingly, under plaintiffs' theory of the case, the central factual (and scientific) question "is whether Dial's express and implied

claims regarding the superior effectiveness of Dial Complete at killing germs to reduce disease are true or false." Pl. Br., doc. no. 120, at 15.

In support of their motion for class certification, plaintiffs submitted the opinions of an expert, Dr. Allison E. Aiello. Dr. Aiello first opines that the central scientific question may be answered through "common evidence." She then offers her answer to the central question, concluding that "[b]ased on my preliminary review of this common evidence, it is my opinion that Dial's claims about Dial Complete are false, deceptive, and/or misleading because . . . [t]riclosan," the active ingredient in Dial Complete, "is not effective for many of key pathogens that cause illness in household settings, including a range of viruses"; "consumers often are unable to distinguish between a virus and bacteria as causes of illness and buy these products not realizing that these soaps will not provide protection for common infections"; "[h]and soaps with triclosan have been shown to be no better than plain soap in . . . studies"; "Dial's representations about Dial Complete's claimed efficacy as a hand soap for killing (biocidally) a wide range of microorganisms or reductions in infectious illnesses are not supported by any existing published peer reviewed papers"; and "Dial's internal studies . . . used improper comparison products, overly long and complicated hand washes, and lack the proper

endpoints for assessing Dial Complete's efficacy in the household setting for the important microorganisms that are responsible for disease in the household and for reducing infectious illnesses." Aiello Decl., doc. no. 62, at 25-26.

Dial seeks to exclude all of Dr. Aiello's opinions on various grounds under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, (b) the testimony is based upon sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the witness has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In determining the admissibility of expert opinion evidence under Rule 702, the court acts as a gatekeeper, ensuring that the expert is qualified to offer the opinion; that her testimony "rests on a reliable foundation"; and that it is "relevant to the task at hand." Daubert, 509 U.S. at 597. "Although the proponent of an expert witness bears the burden of proving the admissibility of his opinion, see Daubert, 509 U.S. at 592, the burden is not especially onerous, because 'Rule 702 has been interpreted liberally in favor of the admission of expert testimony.'" Lacaillade v. Loignon Champ-Carr, Inc., 2011

WL 6001792, at *1 (D.N.H. Nov. 30, 2011) (quoting Levin v. Dalva Bros., Inc., 459 F.3d 68, 78 (1st Cir. 2006)).

Dial objects to Dr. Aiello's first opinion – that the central science question can be answered through common proof – on grounds that Dr. Aiello is not qualified to offer it. Specifically, Dial argues that Dr. Aiello "is not an expert in what proof is required at the class certification stage." Def. Br., doc. no. 137, at 2.[1] Dial's characterization of Dr. Aiello's opinion as, essentially, a legal expert's opinion is misplaced. There can be no doubt that Dr. Aiello is eminently qualified, by both education and experience, as an epidemiologist. She is also qualified to offer reliable opinion testimony as to whether the central scientific question, as framed by plaintiffs' theory of the case, may be answered through the evaluation of evidence that is broader than, and not tied to, the specific circumstances of any particular individual. Her opinion evidence is plainly relevant and admissible.

---

[1] If "'the same evidence will suffice'" to answer a question for each class member, then the question is said to be "common" to the class for purposes of Rule 23. Newberg on Class Actions, § 4:50 (5th ed. Dec. 2013) (quoting Blades v. Monsanto, Co., 400 F.3d 562, 566 (8th Cir. 2005)). See also Wal-mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) ("What matters . . . is not the raising of common questions – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.") (emphasis in original) (internal quotation marks omitted).

With regard to Dr. Aiello's remaining opinions, the court finds that they also are sufficiently reliable and relevant. Her opinions are based on accepted epidemiological principles and methods and on sufficient data and facts (as listed in Dr. Aiello's Declaration and as set forth in her hearing testimony). Moreover, Dr. Aiello's opinions and testimony are "sufficiently tied to the facts of the case." Daubert, 509 U.S. at 591 (internal quotation marks omitted).

At the hearing, Dr. Aiello rationally explained why she believes studies of triclosan-containing soaps yield relevant information about the efficacy of Dial Complete, despite the fact that those studies did not test Dial Complete. To the extent Dial takes issue with the limitations of those studies, it takes issue with the evidentiary weight of the conclusions, or inferences, Dr. Aiello draws from them. See Reichhold, Inc. v. U.S. Metals Refining Co., 2007 WL 674686, at *13 (D.N.J. Feb. 28, 2007) ("[T]he fact that [plaintiff's expert] did not rely on soil sampling data does not automatically result in the exclusion of his expert report. . . . The weight of this opinion may be challenged at trial, but it is reliable and will not be excluded."). In any event, Dr. Aiello further testified that she did, in fact, review a study that was conducted using Dial Complete in a daycare setting, and that the study's findings support her conclusions.

Dial's challenge to Dr. Aiello's purported failure to consider Dial's internal reports is also rejected.  Dr. Aiello testified that she reviewed and considered the reports.  The extent to which Dr. Aiello rejected those reports as unreliable or irrelevant to the question of health outcomes may, perhaps, reflect upon the weight properly given to her conclusions by a fact-finder, but does not render her methods anything close to the "junk science" sought to be avoided by the <u>Daubert</u> decision, nor does it render her opinions irrelevant to the facts of this case.  Moreover, in light of Dr. Aiello's hearing testimony regarding her experience in consumer hand hygiene behaviors and perceptions, Dr. Aiello is qualified to offer opinion evidence about what consumers likely believe the word "germ" means.

For these reasons, Dr. Aiello's expert opinion evidence is admissible under Rule of Evidence 702.  Dial's Motion to Exclude, doc. no. 85, is necessarily denied.


**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

December 20, 2013

cc:  Richard J. Arsenault, Esq.
     Daniel E. Becnel, Jr., Esq.
     Robert M. Becnel, Esq.
     Karl A. Bekeny, Esq.
     Paul E. Benson, Esq.
     Amy Bloom, Esq.
     Jordan L. Chaikin, Esq.
     Elizabeth M. Chiarello, Esq.
     Salvadore Christina, Jr., Esq.
     John R. Climaco, Esq.
     Randall S. Crompton, Esq.
     Stuart A. Davidson, Esq.
     Mark J. Dearman, Esq.
     Douglas P. Dehler, Esq.
     Christopher M. Ellis, Esq.
     John E. Galvin, III, Esq.
     Jonathan H. Garside, Esq.
     Mark J. Geragos, Esq.
     Jayne A. Goldstein, Esq.
     Eric D. Holland, Esq.
     D. Scott Kalish, Esq.
     Lucy J. Karl, Esq.
     Shelley Kaufman, Esq.
     Sean T. Keith, Esq.
     Adam J. Levitt, Esq.
     Patricia E. Lowry, Esq.
     Thomas D. Mauriello, Esq.
     Robert H. Miller, Esq.
     Matthew B. Moreland, Esq.
     Cullen A. O'Brien, Esq.
     Edward K. O'Brien, Esq.
     John A. Peca, Jr., Esq.
     Chad W. Pekron, Esq.
     Frank E. Piscitelli, Jr., Esq.
     David C. Rash, Esq.
     Richard D. Raskin, Esq.
     Allison W. Reimann, Esq.
     Fred R. Rosenthal, Esq.
     Charles E. Schaffer, Esq.
     Jeffrey M. Schieber, Esq.
     Miriam L. Schimmel, Esq.
     Gerard B. Schneller, Esq.
     Eugene A. Schoon, Esq.
     James C. Shah, Esq.
     Joseph J. Siprut, Esq.
     Andrew J. Sokolowski, Esq.
     Steve J. Stolze, Esq.
     Reginald Von Terrell, Esq.
     John C. Theisen, Esq.
     Robert C. Tucker, Esq.
     John M. Turner, Esq.
     Patrick G. Warner, Esq.
     Robert R. Younger, Esq.